**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JULY SESSION, 1998**

FILED

August 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9711-CR-00512** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **KNOX COUNTY** |
| **VS.** | ) | |
| | ) | **HON. RAY L. JENKINS** |
| **JOHN GRAVES, ALIAS,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (State Appeal - Statute of Limitations) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF KNOX COUNTY**

FOR THE APPELLEE:

ROBERT S. HOLLAND
SHANNON M. HOLLAND
10805 Kingston Pike, Suite 130
The Sandstone West Building
Knoxville, TN 37922

FOR THE APPELLANT:

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

RANDALL E. NICHOLS
District Attorney General

RANDALL E. REAGAN
Assistant District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED _____

REVERSED AND REMANDED

DAVID H. WELLES, JUDGE

# OPINION

The State of Tennessee appeals as of right, pursuant to Tennessee Rule of Appellate Procedure 3(c), from a judgment of dismissal entered in the Criminal Court for Knox County. The trial court judge dismissed the cause of action against the Defendant, John Graves, Alias, without stating his reasoning on the record. We infer from the record that the action was dismissed based upon expiration of the statute of limitations. We reverse the judgment of the trial court.

The procedural facts of this case are as follows: On October 2, 1992, victim Robert Valiga filed an affidavit of complaint against Defendant for "contractor's fraud." In his Affidavit of Complaint, Valiga asserted that Defendant and Robert Waddell contracted to build his home but terminated their employment while the house was substantially less than one-half complete. Valiga also complained that (1) the contracted compensation for Defendant and Waddell totaled $18,500; (2) Defendant and Waddell actually received fees totaling $14,000; and (3) the men terminated their work with debts outstanding that totaled more than $29,000.

This affidavit was attested by a general sessions judge on October 2, 1992, and the court issued a warrant for the arrest of John Graves on that day. The warrant, along with a "misdemeanor citation" which incorporated the warrant by reference, was executed and returned on October 8, 1992. Unfortunately, a John Graves other than Defendant was mistakenly arrested. On June 7, 1993, another "misdemeanor citation" was issued for the proper John Graves, and Defendant

apparently appeared before the general sessions court on June 10, 1993. The citation of June 7 also incorporated by reference the prior warrant.

On August 16, 1993, Defendant's charge was bound over to the Grand Jury, which issued an indictment as follows:

> The Grand Jurors for the State of Tennessee, upon their oaths, present that ROBERT H. WADDELL, ALIAS AND JOHN GRAVES, ALIAS, heretofore, to-wit: On or about the _____ day of September, 1988, and divers days between that date and the _____ day of February, 1989, . . . did unlawfully and with intent to defraud Robert Valiga, use the proceeds of payment made to them on account of improving certain real property for purposes other than to pay for labor performed and materials furnished by order for this specific improvement, while an amount for which they were liable for such labor and materials remained unpaid, contrary to T.C.A. 66-11-138, said prosecution was commenced by the swearing out of a warrant in the General Sessions Court for Knox County, Tennessee, on the 8th day of October, 1992 . . . .

The Defendant filed a motion "to dismiss the indictment and/or grant a Judgment of Acquittal" based generally on his assertions that the facts would not support a conviction. He later filed an amendment to the motion to dismiss which included an assertion that the statute of limitations barred the prosecution. Following argument on Defendant's Motion to Dismiss, the trial court summarily dismissed the case. The only statement the trial judge made concerning the basis of the dismissal was, "Well, I - - just don't see this. I'm going to dismiss it."

The State appeals, contending that the applicable statute of limitations does not bar its action against Defendant. We agree, and we therefore reverse the trial court's dismissal and remand for further proceedings.

Tennessee Code Annotated § 66-11-138, the offense charged in the indictment, read:

> Any contractor, subcontractor, or other person who, with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose than to pay for labor performed on, or materials furnished by his order for, this specific improvement, while any amount for which he may be or become liable for such labor or materials remains unpaid, shall be guilty of a felony and punished accordingly.

Tenn. Code Ann. § 66-11-138 (1982) (repealed). Tennessee Code Annotated § 39-1-201 provided that "[w]henever a person is convicted . . . of a felony the punishment for which is not otherwise provided in this Code, he shall be sentenced to imprisonment in the penitentiary not less than one nor more than ten (10) years." Tenn. Code Ann. § 39-1-201 (1982) (repealed) (recodified as amended at § 39-11-113 (1997)). Furthermore, because the punishment is not death or life imprisonment under § 40-2-101(a), and not "expressly limited to five (5) years or less" under § 40-2-101(b), the appropriate statute of limitations is § 40-2-101(c), in which "[p]rosecution for any offense punishable by imprisonment in the penitentiary, other than as specified in subsections (a) or (b), shall be commenced within four (4) years next after the commission of the offense." Tenn. Code Ann. § 40-2-101(a)-(c).

"Commencement" of an action by the State occurs when a warrant is issued, among other events. Tenn. Code Ann. § 40-2-104. In this case, Defendant's alleged criminal conduct occurred between September 1988 and February 1989. As to all alleged criminal acts occurring on or after October 2, 1988, the State had until October 2, 1992, to commence prosecution. Here, a warrant was issued for Defendant on October 2, 1992. Although the Defendant was not arrested on this warrant, the facts recounted in the complaint evince a clear intent to arrest Defendant, and not another John Graves. In addition, the citation by which Defendant was brought before the court incorporated the

-4-

original warrant, and there is no evidence in the record that the court ever dismissed or otherwise disposed of the warrant. To the contrary, court dates set for Defendant were continuously recorded on this same document.

Finally, the allegations of the complaint, sworn to by the victim on October 2, 1992, describe in detail facts that sufficiently characterize the felony for which Defendant was indicted by the Grand Jury. We conclude that the warrant issued on October 2, 1998, was intended for Defendant and adequately commenced his prosecution for the felony of misapplication of contract payments. Therefore, this record does not support a finding that this action commenced outside the appropriate limitations period, and prosecution of the offense set forth in the indictment does not appear to be barred.

In dismissing this case, the trial judge made no findings of fact and did not state the basis of the dismissal. No testimony was presented and no facts were stipulated. The Defendant argues other reasons why the dismissal should be upheld. From this record, all we can determine is that the offense set forth in the indictment is not time-barred as a matter of law. The merits of the prosecution cannot be addressed without proof of the facts.

The judgment of the trial court is reversed and this case is remanded for further proceedings.

_____
DAVID H. WELLES, JUDGE

CONCUR:

-6-

_____
GARY R. WADE, PRESIDING JUDGE


_____
JOSEPH M. TIPTON, JUDGE